CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| ROBERT E. BROWN, | ) | CASE NO. 3:08CV000006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 18, 2005 protectively-filed claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, June 10, 2003; he was insured for benefits through December 31, 2009; and his degenerative lumbar and cervical disk disease were severe impairments. (R. 17.) The Law Judge further found that plaintiff's impairments prior to December 28, 2004, viewed individually or in combination, did not meet or equal a listed

impairment. (*Id.*) However, the Law Judge found that effective December 28, 2004, plaintiff's degenerative disk disease met Listing 1.04(C).[1] (R. 22.) The Law Judge determined that although his medically determinable impairments reasonably could be expected to produce the alleged symptoms, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms prior to December 28, 2004 were "not entirely credible," but were "generally credible" thereafter. (R. 20, 23.) It was also determined that prior to December 28, 2004, he retained the residual functional capacity ("RFC") to perform a full range of sedentary work. (R.18.) Even so, the Law Judge found that plaintiff was precluded from performing his past relevant work, which included work as a mine engineer and a teacher. (R. 21.) By application of the Medical-Vocational Guidelines ("grids"), however, the Law Judge found that other jobs existed in the national economy which plaintiff could perform prior to December 28, 2004.[2] (R. 21-22.) Ultimately, the Law Judge concluded that plaintiff was not disabled under the Act prior to December 28, 2004, but that he became disabled on that date. (R. 21.)

Plaintiff filed a timely request for review by the Appeals Council and submitted additional evidence. (R. 6-9, 534-542.) The Appeals Council found that neither the record, nor the reasons advanced on appeal, provided a basis for changing the Law Judge's March 8, 2007 decision. (R. 6-7.) Accordingly, the Appeals Council denied plaintiff's request for review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action

---

[1] Plaintiff underwent a C5-C6 anterior cervical diskectomy and fusion procedure on December 28, 2004. (R. 22.) Listing 1.04 applies to disorders of the spine resulting in compromise of a nerve root or the spinal cord. Subsection C of Listing 1.04 applies to lumbar spinal stenosis resulting in pseudoclaudication which causes an inability to ambulate effectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1.

[2] Having found that plaintiff could perform a full range of sedentary work prior to December 28, 2004, the Law Judge applied the grids, specifically Rules 201.21 and 201.22. (R. 22.)

ensued.

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Appeals Council erred in failing to explain why the additional evidence he submitted did not provide a basis for changing the Law Judge's decision. (Pl's Brief, pp. 6-8.)[3] Specifically, plaintiff contends that no explanation was provided as to why no further action was taken, and under *Riley v. Apfel*, 88 F.Supp.2d 572 (W.D. Va. 2000), the Appeals Council must provide more than a "scant discussion" when it declines to find that additional evidence warrants review. (Pl's Brief, pp. 6-7.) Plaintiff argues that the evidence he provided to the Appeals Council was new, material, and relates to the relevant time period. (Pl's Brief, pp. 7-8.)

The Regulations provide that the Appeals Council must consider additional evidence submitted with a request for review if the evidence is new, material, and relates to the period on or before the date of the Law Judge's decision. 20 C.F.R. § 404.970(b); *Davis v. Barnhart*, 392 F.Supp.2d 747, 750 (W.D. Va. 2005). Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is "material" if a reasonable probability exists that the evidence would have changed the outcome of the case. *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991); *Davis*, 392 F.Supp.2d at 750.

The additional evidence plaintiff proffered to the Appeals Council consists of medical records and letters from two physicians. (R. 534-542.) The medical records are from Ann Klecan, M.D., plaintiff's primary treating physician, and are dated August 11, 2003 and October 1, 2003. (R. 535-539.) The relevant portion of the August 11, 2003 medical record reveals that

---

[3]Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

Case 3:08-cv-00006-NKM-BWC   Document 14   Filed 09/25/08   Page 3 of 8   Pageid#: 60

plaintiff was being followed by another physician for pain, including mechanical low back pain, and that he was only taking aspirin or Excedrin for pain. (R. 535.) The October 1, 2003 medical note also mentions that plaintiff suffered low back pain. (R. 538-539.)

The two physicians' letters are from Visespong Punyanitya, M.D. and Ann Klecan, M.D. (R. 541-542.) Dr. Punyanitya's letter states that he evaluated plaintiff on only one occasion, August 9, 2004, for bilateral leg pain and numbness of his legs.[4] (R. 542.) At that time, the physician believed plaintiff's symptoms were caused by spinal stenosis of the lumbar spine. (*Id.*) Dr. Punyanitya also believed plaintiff was "not able work" and referred him to pain management for further treatment. (*Id.*) Plaintiff never returned for follow-up.

The May 22, 2007 letter from Dr. Klecan, who had treated plaintiff since August 2003, reveals her opinion that plaintiff suffered with ongoing neck and lower back problems, that he had aggressively sought treatment, and that he had been compliant with recommended medical care. (R. 541.) Dr. Klecan opined that plaintiff was "disabled" the first time she saw him, and it was her opinion that he would have qualified for disability benefits at that time. (*Id.*)

The Appeals Council certainly did not explain why it determined that the proffered evidence failed to provide a basis for changing the Law Judge's decision.[5] (R. 6-8.) However,

---

[4]The letter states that it has an office note as an enclosure. (R. 542.) This enclosure was not included in the materials provided to the Appeals Council.

[5]The Regulations do not direct the Appeals Council to provide a rationale for denying review. *See* 20 C.F.R. § 404.970(b). However, there are decisions in this district and circuit which address the issue, but they somewhat conflict. *See Boggs v. Astrue*, No. 5:07CV10, 2008 WL 467386, *10 (N.D.W.Va. February 19, 2008) (holding the Appeals Council is not required to explain its determination); *Davis v. Barnhart*, 392 F.Supp.2d 747, 751 (W.D.Va.2005) (holding that the Appeals Council was not obligated to provide reasons); *Riley v. Apfel*, 88 F.Supp.2d 572, 580 (W.D.Va.2000) (concluding the Appeals Council must provide more than a "scant discussion" of the evidence); *Ridings v. Apfel*, 76 F.Supp.2d 707, 709 (W.D.Va.1999) (holding the Appeals Council is not required to state its rationale for denying review); *Alexander v. Apfel*, 14 F.Supp.2d 839, 843 (W.D.Va.1998) (concluding the Appeals Council must provide reasoning for its

plaintiff has failed to show that the additional evidence is material. Dr. Klecan's August 11, 2003 and October 1, 2003 medical notes reveal that she was not treating plaintiff for back pain. (R. 535-539.) Also, these notes reflect that over-the-counter pain medications were sufficient to control his pain, a fact which significantly undercuts plaintiff's claims of suffering debilitating pain. (R. 535, 538.) Moreover, the letters from Drs. Klecan and Punyanitya are merely statements by a physician that plaintiff is "disabled" and "not able to work," decisions reserved to the Commissioner. See 20 C.F.R. § 404.1527(e) (opinions on issues reserved for the Commissioner are not viewed as medical opinions from an acceptable medical source). Thus, there is no reasonable probability that had the additional evidence been before the Law Judge prior to his March 8, 2007 decision, it would have changed the outcome.

Next, plaintiff argues that the Law Judge's finding that, prior to December 28, 2004, his statements about the intensity, persistence, and limiting effects of his symptoms were "not entirely credible" is not supported by the record, and that the Law Judge's credibility evaluation was legally insufficient. (Pl's Brief, pp. 9-11.) More specifically, plaintiff contends that the Law Judge did not properly consider evidence about the limitations on his ability to sit, and he offers that the evidence regarding his pain and limitations is consistent in establishing his disability. (Pl's Brief, pp. 9-10.) Finally, plaintiff contends that his sudden change in occupation from a mine engineer to a teacher, just two years prior to his alleged date of disability onset, shows there was a fundamental change in his functional capacity. (Pl's Brief, pp. 10-11.)

A claimant's subjective complaints of pain must be supported by the objective medical

---

determination). This issue is being resolved on other grounds, thus obviating the necessity for the undersigned to address the sufficiency of the Appeals Council's decision that the additional evidence did not provide a basis for changing the Law Judge's decision.

evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir. 2005). The objective medical evidence must demonstrate the existence of a medical impairment which reasonably could be expected to produce the actual pain, in amount and degree, alleged by the plaintiff. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.[6]

The Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, but that his claims concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely credible" prior to December 28, 2004. (R. 20.) The Law Judge noted that while plaintiff had an alleged disability onset date of June 10, 2003, there was an absence of treatment between July 2003 and August 2004.[7] (R. 20-21.) The Law Judge opined that if he was suffering debilitating pain, there would not have been such a big gap in treatment. (R. 21.)

In support of his argument that there was an inadequate adjudication on his ability to sit, plaintiff relies on Dr. Klecan's September 25, 2006 physical capacities evaluation in which she opined that he could sit only one to two hours in an eight-hour workday. (R. 496.) Dr. Klecan's evaluation provides no basis for this limitation, and it is not consistent with the other evidence of record prior to December 28, 2004. Also, Dr. Klecan's evaluation purports to state functional limitations as far back as June 10, 2003, but the Law Judge credited these findings only as they

---

[6]There is no question that the record demonstrates objective medical support for a finding that plaintiff has an impairment likely to produce pain. The outcome here, however, turns on whether the evidence supports a finding that this impairment could be expected to produce the disabling pain he allegedly experienced prior to December 28, 2004.

[7]As noted, plaintiff provided the Appeals Council with a medical note from Dr. Klecan dated October 1, 2003. (R. 538.) While this shows that he saw a doctor *one* time during what was thought to be a gap in treatment, it does not show that plaintiff was receiving the sort of regular treatment expected by one suffering with debilitating pain.

6

relate to plaintiff's functional capacity after December 28, 2004. (R. 23.) The undersigned finds that the Law Judge's decision to discredit Dr. Klecan's opinion that plaintiff could sit only one to two hours in an eight-hour workday prior to December 28, 2004 is supported by substantial evidence.

The evidence prior to December 28, 2004 is inconsistent with plaintiff's claims of suffering debilitating pain. For example, he reported that he was still working on June 12, 2003, and that over-the-counter pain medication was adequate to control his pain. (R. 172.) On October 11, 2003, he was still able to manage his pain without any sort of prescribed pain medication. (R. 538.) Plaintiff reported on September 16, 2004 that his pain was less frequent, and he was able to *walk up to a mile*. (R. 191.) On October 14, 2004, plaintiff reported that he was able to walk "much longer distances." (R. 187.) On November 9, 2004, his physical therapist noted that he continued to complain with pain and weakness in his legs, but that from an objective standpoint, plaintiff was making "excellent overall progress." (R. 232.) Finally, on November 11, 2004, plaintiff himself reported that physical therapy seemed beneficial, and he was "still not having much pain at all." (R. 186.)

Plaintiff's allegation that he had to stop teaching, the last position he held prior to his alleged date of disability onset, due to sitting limitations is not supported by the record. The record reveals that plaintiff explained that his sitting problems arose while teaching when he attempted to lecture while sitting on top of a hard desk without any back support. (R. 554.) Moreover, plaintiff reported on several occasions that his pain was caused by prolonged standing and walking, not sitting. (R. 148, 195, 197, 552.)

Plaintiff's argument that his work history provides additional support for challenging the

7

Law Judge's credibility finding also lacks persuasive merit. The undersigned fails to see how the fact that plaintiff changed jobs from mining, a medium to heavy exertional position, to teaching, a light exertional position, *two years* prior to his alleged date of disability onset, establishes the existence of a significant functional change which countervails the Law Judge's credibility finding. In sum, the Law Judge's determination that plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms prior to December 28, 2004 were "not entirely credible," is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

9/25/08
Date

8